**Paulo Henrique HILEL, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 11–10987**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Oct. 25, 2011.

William M. Norris, William M. Norris, PA, Miami, FL,

Paulo Henrique Hilel, Miami, FL, pro se.

Anne R. Schult, Sally M. Richardson, Lisa Tobin Rubio, Kathleen M. Salyer, Adam Schwartz, U.S. Attorney's Office, Miami, FL, for Respondent–Appellee.

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

While the district court's ruling denying petitioner's motion for a new trial, *see* Fed.R.Crim.P. 33, was pending in this court on appeal, petitioner moved the district court pursuant to 28 U.S.C. § 2255 for relief from his conviction for conspiring to commit alien smuggling. Over petitioner's and the Government's objection, the district court dismissed petitioner's § 2255 motion without prejudice. (We subsequently affirmed the district court's Rule 33 ruling, *United States v. Hilel,* 352 Fed. Appx. 378 (11th Cir.2009).)

Pursuant to § 2255, a defendant has one year from, *inter alia,* the date that his conviction became final, to file a § 2255 motion to vacate. 28 U.S.C. § 2255(f)(1). In this case (as in all court of appeals affirmances of convictions), the petitioner had 90 days following our affirmance of his conspiracy conviction to petition the Supreme Court for a writ of certiorari to review our decision. He did not petition the Court for the writ, so his conviction became final after this 90–days period expired. *Kaufmann v. United States,* 282 F.3d 1336, 1338 (11th Cir.2002).

Under Rule 33, upon a defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). Filing a Rule 33 motion for new trial is not considered an extension of the direct appeal, and does not toll the § 2255(f)(1) one-year limitations period for filing a § 2255 motion. *Barnes v. United States,* 437 F.3d 1074 (11th Cir.2006).

As both parties agree, the dismissal without prejudice here had the effect of a dismissal with prejudice, because of the impact of the § 2255(f)(1) time-bar. Given this consequence, the court should have stayed proceedings on the § 2255 motion until the Rule 33 proceeding was resolved. We therefore Vacate the district court's

judgment of dismissal and REMAND the case for further consideration of petitioner's § 2255 motion.

VACATED AND REMANDED.